UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81615-AMC

EDGAR ROBERT MARTIN II,

           Plaintiff,

vs.

LOUIS DEJOY, POSTMASTER GENERAL
U.S. POSTAL SERVICE,

           Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 38]**

*Pro se* Plaintiff Edgar Martin says the Postal Service retaliated against him for filing a harassment grievance and failed to accommodate him by forcing him to use a vehicle that was outside of his work restrictions. He also says he injured his knee while using the vehicle. His Amended Complaint alleges that this conduct violated the ADA. ECF No. 7. Although not alleged in the Amended Complaint, Mr. Martin also wants to bring a claim under the Federal Tort Claims Act (FTCA) for his knee injury. He asks for leave to amend his complaint, again, to cure several defects and to eventually add an FTCA claim.

The Postal Service moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. ECF No. 38. It says Mr. Martin should not be permitted to file a Second Amended Complaint.

As explained below, the Court lacks subject matter jurisdiction because Mr. Martin did not exhaust his administrative remedies. It is too late for him to correct this failure, so it would be futile to allow him to file a Second Amended Complaint asserting his retaliation and discrimination claims. It is also too late for him to file an FTCA claim.[1] I do not reach the issue of whether the Amended Complaint states a claim upon which relief could be granted.

## PARTIES' ARGUMENTS

The Postal Service first says that the ADA does not apply to the federal government; it says that any claim for disability discrimination and/or retaliation must arise under the Rehabilitation Act. *Id.* at 10 & n.3. It next says that, even under the Rehabilitation Act, Mr. Martin cannot state a claim for relief because he did not exhaust his administrative remedies and the time for doing so has passed. *Id.* at 10-12. Finally, it says that the Amended Complaint does not allege sufficient facts to state a plausible claim for relief. *Id.* at 14-20.

In response, Mr. Martin asks the Court to treat his claims as arising under the Rehabilitation Act. ECF No. 44 at 2. He also says he "now realizes that he could have sued under the Rehabilitation Act of 1973 ('Rehab Act') and Title VII of the Civil Rights Act of 1964." *Id.* He also says he "brings a retaliation claim under the Fair Labor Standards Act" because the Postal Service retaliated against him for filing "a grievance for harassment in April 2019." *Id.* at 3. He asks for leave to file a Second

---

[1] Mr. Martin's Response also refers to a possible claim under the Fair Labor Standards Act. ECF No. 44 at 3. This appears to be an error. The FLSA applies to unpaid wages. There is no suggestion that Mr. Martin was not paid his full earnings.

2

Amended Complaint. *Id.* at 2-3. He further asks that any Second Amended Complaint be deferred until he can file an SF-95 administrative claim for negligence under the FTCA. *Id.* Finally, he says that any failure to exhaust administrative remedies was caused by misleading information given to him by a Postal Service EEO Specialist. *Id.* at 6-7.

In its Reply, the Postal Service says it is too late for Mr. Martin to file an SF-95 and that filing a Second Amended Complaint would be futile. ECF No. 47.

## DISCUSSION

*A. Subject Matter Jurisdiction*

The Postal Service asks for the wrong remedy. It says Mr. Martin did not exhaust his administrative remedies, so the Court should dismiss the Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). If Mr. Martin did not exhaust his administrative remedies, the proper conclusion is for this Court to dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction, under Rule 12(b)(1).

Even if a party has not raised the issue, a federal court has an independent obligation to ensure its own subject matter jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995); *Wilson v. Minor*, 220 F.3d 1297, 1303 n. 11 (11th Cir. 2000). Binding precedent from the Eleventh Circuit holds that failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over a federal employee's discrimination or retaliation claim. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust her

administrative remedies as a jurisdictional prerequisite to filing a Title VII action."), *cited in Brown v. Snow,* 440 F.3d 1259, 1263 (11th Cir. 2006); *Swauger v. Dep't of Def. - Def. Intel. Agency,* 852 F. App'x 393, 396 (11th Cir. 2021) (same for Rehabilitation Act).[2] So, the Court must first decide whether it has subject matter jurisdiction. *Univ. of South Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (The Court may not address the merits of a controversy without first establishing subject matter jurisdiction.).

A dismissal for lack of subject-matter jurisdiction is without prejudice. *E.g.,* <u>Swauger,</u> 852 F. App'x at 396. When a court dismisses a complaint, it must consider whether to allow the plaintiff to file an amended pleading. Under Federal Rule of Civil Procedure 15(a)(2), "The court should freely give leave to amend when justice so requires." Leave to amend should be denied if any amendment would be futile because, for example, any amended pleading would be subject to dismissal. *See Bryant v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001).

The following facts are taken from the EEO documents attached to the Government's Motion:

- On June 11, 2019, Mr. Martin filed an informal complaint for non-sexual harassment alleging that on May 28, 2019, his vehicle was changed, even though his supervisors knew he could not climb into the new vehicle. When

---

[2] *But see Gregg v. McDonough*, No. CV422-114, 2023 WL 2825332, at *4-6 (S.D. Ga. Feb. 9, 2023) (discussing caselaw questioning whether exhaustion is jurisdictional), *report and recommendation adopted,* No. CV422-114, 2023 WL 2730665 (S.D. Ga. Mar. 31, 2023).

he tried to climb into the new vehicle a few days later, he injured his knee. ECF No. 38-2 at 2

- About a month before, Mr. Martin had filed a grievance against the supervisors. *Id.*

- Mr. Martin was represented by his union shop steward for purposes of the informal complaint. *Id.*

- Fifteen days later, on June 26, 2019, he withdrew his informal complaint. ECF No. 38-3. The withdrawal form said, "I fully understand that by withdrawing the complaint or allegation(s), I am waiving my rights to any further appeal of this complaint or allegation(s) through the EEO process. I further stipulate that my withdrawal did not result from harassment, threat, coercion, intimidation, promise or inducement." *Id.*

- On October 7, 2019, Mr. Martin was advised, orally and in writing, of his right to file a formal complaint and was provided with the paperwork needed to make a complaint. ECF No. 38-4. He acknowledged receiving the information on October 11, 2019. *Id.*

- A few days later, Mr. Martin filed a formal complaint of discrimination. ECF No. 38-5. It alleged retaliation and disability discrimination based on the same facts as the informal complaint. *Id.* It was received by the Postal Service on or about October 18, 2019. *Id.*

- The parties had an unsuccessful mediation. ECF No. 38-6 at 2.

5

- On November 15, 2021, an Administrative Law Judge dismissed the formal complaint because the voluntary dismissal of the informal complaint had waived Mr. Martin's "right to further administrative processing." *Id.*

- The dismissal order notified Mr. Martin that he could appeal to the EEOC within 30 days of the Postal Service's final order and explained how to file that appeal. *Id.* at 2-3.

- The ALJ decision indicated that Mr. Martin had been represented by counsel during the proceedings. *Id.* at 5.

- On December 2, 2021, the Postal Service issued its final order. ECF No. 38-7. The Notice of Final Action explained Mr. Martin's appeal rights and told him how to appeal to the EEOC. *Id.* It was served on Mr. Martin's counsel. *Id.* at 2.

- Mr. Martin timely appealed to the EEOC, which affirmed the ALJ's dismissal order on March 31, 2022. ECF No. 38-8.

- Mr. Martin requested reconsideration, which the EEOC denied on September 13, 2022. ECF No. 38-9.

The Postal Service correctly says that Mr. Martin cannot meet the exhaustion requirement because he abandoned his claims when he voluntarily withdrew his informal complaint. *See Palmer v. Potter,* No. 1:08-CV-3876-CAM-AJB, 2010 WL 11500520, at *17 (N.D. Ga. Jan. 12, 2010) (claim not exhausted if plaintiff abandons it during the EEO process) (collecting cases), *report and recommendation adopted,*

No. 1:08-CV-3876-CAM-AJB, 2010 WL 11508700 (N.D. Ga. Mar. 25, 2010). He cannot now revoke that waiver.

Mr. Martin says the reason he "withdrew his first EEO Complaint was because he was *completely misinformed* by an EEO Specialist that there was nothing else they could do for him because he filed a grievance with the Post Office Union." ECF No. 44 at 6 (emphasis in original). He also says he "was unduly pressured by phone calls by the EEO Specialist to sign a document withdrawing his EEO Complaint so she could close his case." *Id.* He claims he later "found out that the information from the EEO Specialist was false." *Id.*

Liberally interpreting this argument in Mr. Martin's favor, he is saying that principles of equitable estoppel excuse his failure to exhaust his administrative remedies. Equitable estoppel applies when one party is harmed because it relied on misleading statements or conduct by the other party.

It is an open question whether a private party can assert equitable estoppel against the Government. *See Bokum v. Comm'r,* 992 F.2d 1136, 1141 (11th Cir. 1993). At a minimum, the party asserting equitable estoppel against the Government "must establish the traditional requirements for equitable estoppel and that the Government engaged in affirmative and egregious misconduct; that is, conduct which at least exceeds a level the Supreme Court already has deemed insufficient to trigger equitable estoppel." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1320 (11th Cir. 2003).

Even if Mr. Martin could show that equitable estoppel applies, it would not cure the subject matter jurisdiction problem. Federal courts are limited to exercising

7

the subject matter jurisdiction given by Congress and the U.S. Constitution. The actions of the parties cannot expand that jurisdiction, so "principles of estoppel do not apply" when subject matter jurisdiction is at issue. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982).

In any event, equitable estoppel does not apply, here. The traditional elements of equitable estoppel are: "(1) the party to be estopped knew the true facts; (2) the party to be estopped intended for his conduct to be acted upon or acted in such a way that the party asserting estoppel had a right to believe that it was intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the misconduct was relied upon to the detriment of the parties seeking estoppel." *Dawkins v. Witt*, 318 F.3d 606, 611 n.6 (4th Cir. 2003) (citation omitted) *cited in Sanz,* 328 F.3d at 1320. In *Schweiker v. Hansen,* 450 U.S. 785 (1981), the United States Supreme Court decided that equitable estoppel did not apply when a Government official gave incorrect advice about whether a citizen was eligible for Social Security benefits. So, Mr. Martin's claim that the EEO Specialist misled him is not enough to show equitable estoppel.

B. FTCA

The FTCA is a limited waiver of sovereign immunity that allows tort suits against federal agencies. Before suing, however, the claimant must give written notice to the agency on a Form SF-95. 28 U.S.C. §2675 (FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

8

writing."). The claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). Mr. Martin injured his knee in 2019, so it would be futile to allow him to file an SF-95 at this time.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction and without leave to file a Second Amended Complaint.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 3rd day of January, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE