UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81615-CIV-CANNON

**EDGAR ROBERT MARTIN II**,

    Plaintiff,

v.

**LOUIS DEJOY**, **POSTMASTER GENERAL**
**UNITED STATES POSTAL SERVICE**
**AGENCY**

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS WITH ALTERNATIVE RULING**

**THIS CAUSE** comes before the Court upon the Report and Recommendation, issued by Magistrate Judge Bruce E. Reinhart, recommending that the Court grant the Motion to Dismiss filed by Defendant Louis Dejoy, Postmaster General of United States Postal Service's ("Defendant") [ECF No. 48]. The Report determines that Plaintiff's Amended Complaint, which alleges violations of the Rehabilitation Act of 1973 (as construed) [ECF No. 7], warrants dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), because Plaintiff abandoned his claims during the EEOC process and thus failed to exhaust his administrative remedies [ECF No. 48 pp. 2, 6].[1] The Report also recommends denying Plaintiff's request to further amend his complaint and file a new claim of negligence under the Federal Tort Claims Act (FTCA), noting that Plaintiff did

---

[1] Plaintiff acknowledges that, although he referenced the Americans with Disabilities Act in the Amended Complaint, the Court should construe his claim as brought under the Rehabilitation Act [ECF No. 44 p. 2; ECF No. 48 p. 2].

not present his claim to the subject federal agency within two years as required to benefit from the FTCA's waiver of sovereign immunity [ECF No. 48 pp. 8–9 (citing 28 U.S.C. § 2401(b))].

The Court has reviewed Defendant's Motion to Dismiss [ECF No. 38], Plaintiff's Opposition [ECF No. 44], Defendant's Reply [ECF No. 47], the Report [ECF No. 48], Defendant's Objection to the Report [ECF No. 49], and the full record. Plaintiff did not file objections. Upon de novo review of the challenged portion, the Report is **ACCEPTED** with an alternative ruling as indicated below.

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Defendant agrees with the Report's overall recommendation to dismiss the Amended Complaint in its entirety, without leave to amend, because Plaintiff failure to exhaust his administrative remedies [ECF No. 49]. The Court also agrees with that unobjected-to conclusion, as accepted herein.

The sole remaining point of contention is whether to dismiss Plaintiff's Complaint on subject-matter jurisdiction grounds alone pursuant to Rule 12(b)(1), as proposed in the Report, or whether to dismiss Plaintiff's claims under Rule 12(b)(6) as well. This distinction is appropriate,

Defendant explains, because Plaintiff's failure to exhaust his formal EEO complaint in this scenario amounted to a failure to comply with the regulatory requirement in 29 C.F.R. § 1614.107(a)(1) following Plaintiff's previous identical (yet withdrawn) EEO complaint [ECF No. 49 p. 5 (explaining that Plaintiff filed a formal EEO Complaint and received a notice of right to file after withdrawing an earlier (identical), informal EEO complaint, thus waiving his rights to pursue the EEO process further on the claims asserted in that informal complaint and then repeated in the formal complaint)].

Upon review of Defendant's Objection and the jurisdictional v. non-jurisdictional demarcation presented on this record—and in the absence of any Eleventh Circuit case law counseling a more nuanced approach to exhaustion as a jurisdictional prerequisite in this context—the Court accepts the Report's Rule 12(b)(1) dismissal but includes an alternative disposition in this Order dismissing Plaintiff's Amended Complaint under Rule 12(b)(6).

First, as to subject matter jurisdiction, the Report is correct that Eleventh Circuit precedent characterizes as "jurisdictional" a federal employee's requirement to exhaust administrative remedies prior to filing an action under the Rehabilitation Act [ECF No. 48 pp. 3–4].[2] Accordingly, in the absence of clear guidance to the contrary, the Court agrees with the Report that dismissal for lack of jurisdiction is appropriate. *See* Fed. R. Civ. P. 12(b)(1).

Second, and alternatively, to the extent Plaintiff's conduct in this case—specifically, filing an informal EEO complaint, withdrawing it, filing a formal EEO complaint asserting the same

---

[2] *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir. 1999); *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Tillery v. United States Dept. of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010); *Gaillard v. Shinseki*, 349 F. App'x 391, 392 (11th Cir. 2009).

claim, and then obtaining a final dismissal order from the EEOC (without allegations of default in responding to the agency's request for information) [ECF Nos. 38-2, 38-3, 38-5, 38-6, 38-7, 38-8]—is more properly construed under recent Supreme Court precedent[3] as a non-jurisdictional lack of compliance with specific administrative procedures set forth in the Code of Federal Regulations, *see* 29 C.F.R. § 1614.107(a)(1), the Court agrees with Defendant that (1) the Court possesses jurisdiction to dismiss Plaintiff's Amended Complaint, and (2) dismissal for failure to state a claim under Rule 12(b)(6) is appropriate given Plaintiff's undisputed failure to exhaust. *See Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020); *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015). The record is clear that Defendant raised the defense of exhaustion in this case; that Plaintiff withdrew his informal complaint, thus waiving his rights to further administrative processing of his complaint [ECF Nos. 38-2, 38-3; ECF No. 48 pp. 6–7]; that the EEOC never resolved the substance of Plaintiff's claim now raised in the Amended Complaint; and that, as a result, Plaintiff failed to fully exhaust his administrative remedies, for all of the reasons stated in the Report and in the Motion to Dismiss [ECF No. 38 pp. 13–14; ECF No. 48 pp. 6–7]. Finally, to the extent the equitable doctrine of estoppel warrants consideration, the Court agrees with the Report that Plaintiff has not met requirements of that narrow doctrine—a recommendation unobjected-to by Plaintiff [ECF No. 48 pp. 7–8].

---

[3] *See United States v. Wong*, 575 U.S. 402, 409–410 (2015); *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–516 (2006).

CASE NO. 22-81615-CIV-CANNON/Reinhart

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 48] is **ACCEPTED** with the additional alternative ruling contained in this Order.

2. Defendant's Motion to Dismiss [ECF No. 38] is **GRANTED**.

3. This case is **DISMISSED WITHOUT PREJUDICE**, without leave to amend.

4. The Clerk of Court shall **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

5. The Clerk **SHALL MAIL** a copy of this Order to Plaintiff at the address below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 29th day of January 2024.

                                                                                  AILEEN M. CANNON
                                                                                  **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

       Edgar Robert Martin II
       414 N.W. 1st Street
       Boynton Beach, Florida 33435
       PRO SE